UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL F. HEKENBERGER,

    Plaintiff,

v.                                                       Case No. 17-C-619

INTAKE OFFICER, et al.,

    Defendants.

---

**SCREENING ORDER**

---

The plaintiff, who is incarcerated at Redgranite Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was held in custody at the Brown County Jail awaiting disposition of unspecified criminal charges. This matter comes before the court on the plaintiff's petition for leave to proceed without prepaying the full filing fee.

Plaintiff is required to pay the $350.00 statutory filing fee for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis* and pay the fee over time. Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing fee of his complaint, as required under 28 U.S.C. § 1915(a)(2), and had been assessed and paid an initial partial filing fee of $36.39. Plaintiff's motion to proceed *in forma pauperis* will be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

The complaint alleges that on July 15, 2014, Plaintiff was booked into the Brown County Jail. He informed the John Doe intake and booking officers that he would be suffering from heroin withdrawal and would need medical attention. He alleges the intake and booking officers did not call for medical services. Instead, Plaintiff was sent to the "India Unit." He pushed the emergency call button numerous times to request medical attention, but the John Doe officers did not respond. Plaintiff asserts the John/Jane Doe medical staff did not check on him or provide heroin withdrawal medication to assist him. He claims he was ultimately taken to the Aurora Health emergency department by ambulance and received a pacemaker.

2

Plaintiff alleges these John/Jane Doe officers and medical staff violated his constitutional rights. It appears Plaintiff was a pretrial detainee at the time of the incident. It is well-established that a pretrial detainee must be afforded certain protections under the Fourteenth Amendment. Although Plaintiff's claims fall under the Due Process Clause of the Fourteenth Amendment, courts apply Eighth Amendment case law to evaluate claims of inadequate medical care. *See Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012). The Eighth Amendment prohibits "cruel and unusual punishments" and imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that inmates receive adequate medical care. *Farmer v. Brennan*, 511 U.S. 823, 832 (1994). Prison officials violate the Constitution if they are deliberately indifferent to a prisoner's serious medical needs. *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). A prisoner's claim for deliberate indifference must establish both an objectively serious medical condition existed and that the defendants were subjectively aware of and consciously disregarded the prisoner's medical needs. *Id.* at 387. Under this standard, Plaintiff has at least stated a colorable cause of action and may proceed on his deliberate indifference claims against defendants John Doe intake officer, John Doe booking officer, John/Jane Doe medical staff, John/Jane Doe officers responsible for answering the emergency call buttons, and John/Jane Doe staff working on the India Unit. *See Foelker v. Outagamie County*, 394 F.3d 510 (7th Cir. 2005) (reversing summary judgment on inmate's Eighth Amendment claim against county jail and employees, alleging lack of proper treatment for methadone withdrawal).

Plaintiff also asserts a claim against Correct Care Solutions. "A private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010) (citing *Iskander v. Vill. of Forest Park*, 690 F.2d 126,

128 (7th Cir. 1982)). Instead, in evaluating § 1983 claims against a private healthcare provider, courts apply the "policy and custom" standard articulated in *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). *Id.* In other words, a private healthcare provider will be held liable for damages under § 1983 only if its policy or custom caused the alleged violation of the plaintiff's rights. *Monell*, 436 U.S. at 694. To state a claim against Correct Care Solutions, Plaintiff must identify a concrete policy or custom that caused a constitutional violation. A policy or custom can take one of three forms:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice, that, although not authorized by written law or express municipal policy, is so permanent and well-established as to constitute a "custom or usage" with force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority.

*Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1013 (7th Cir. 2000). Here, Plaintiff states that "Correct Care Solutions is named in this action because their company name is on all medical reports, and at this point it is unclear what their policies are and if the medical staff in Brown County Jail work for them or the company." (Compl. at 3.) Although he mentions that Correct Care Solutions may have some type of policy, he does not allege what policies, if any, caused a constitutional deprivation of his rights. Accordingly, Plaintiff fails to state a claim against Correct Care Solutions.

Plaintiff also named Dr. Imran Sheikh as a defendant. He alleges that Department of Corrections doctors have told him that the pacemaker Dr. Sheikh implanted was not necessary. However, Dr. Sheikh is not a state actor subject to liability under § 1983. Even if Plaintiff had made the requisite showing that Dr. Sheikh acted under color of state law, he has failed to establish that Dr. Sheikh violated his constitutional rights. At most, Plaintiff states a medical malpractice claim. Simple medical malpractice, however, does not constitute cruel and unusual punishment within the

4

meaning of the Eighth Amendment. *Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Accordingly, Plaintiff's claim against Dr. Sheikh will be dismissed. And without a federal claim against Dr. Sheikh, the court lacks jurisdiction over his state law medical malpractice claim. Although relief in federal court is foreclosed to Plaintiff for his medical malpractice claim, he may purse it in state court. Plaintiff also names Aurora Health Care employees as defendants, though he does not assert any allegations against them. Therefore, the court will dismiss them as defendants.

In sum, Plaintiff may proceed on an Eighth Amendment deliberate indifference claim based on his allegations against defendants John Doe intake officer, John Doe booking officer, John/Jane Doe medical staff, John/Jane Doe officers responsible for answering the emergency call buttons, and John/Jane Doe staff working on the India Unit. Of course, at some point the Doe defendants will need to be identified. The Seventh Circuit has directed district courts to provide assistance to pro se prison litigants to identify individual defendants alleged to have violated their constitutional rights when, due to his incarceration, the litigant is unable to do so himself. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). In *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789–90 (7th Cir. 1995), the court suggested that the district judge request a lawyer, pursuant to 28 U.S.C. § 1915(d), to represent the prisoner for the limited purpose of determining whether the complaint can be amended to name as defendant anyone who there is reason to believe inflicted an actionable wrong on the plaintiff. Given the fact that the plaintiff is currently incarcerated at Redgranite Correctional Institution some 80 miles from the Brown County Jail, this would seem

appropriate in this case. Accordingly, the court will direct the district's pro se staff attorneys to recruit counsel for this limited purpose. Counsel may certainly continue representation beyond the filing of an amended complaint if he wishes, but at this point, the requested representation is limited.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS ALSO ORDERED** that defendants Correct Care Solutions, Aurora Health Care employees, and Dr. Sheikh are **DISMISSED**.

**IT IS FURTHER ORDERED** that a Pro Se Staff Attorney for the district request a lawyer, pursuant to 28 U.S.C. § 1915(d), to assist the plaintiff for the limited purpose of determining whether the complaint can be amended to name as defendant anyone who there is reason to believe inflicted an actionable wrong on the plaintiff and in filing an amended complaint naming such individuals.

**IT IS FURTHER ORDERED** that the Clerk shall mail a copy of the complaint and this order upon Brown County Corporation Counsel and Brown County Sheriff John Gossage for informational purposes only. Neither are named defendants, but should cooperate with counsel for the plaintiff in identifying those individuals whom he claims were deliberately indifferent to his serious medical needs. Once an amended complaint is filed naming such defendants, the U.S. Marshal is directed to effect service pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis*

plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $313.61 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS ALSO ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

**SO ORDERED** this  1st  day of June, 2017.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court